1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   IN RE MOTION TO COMPEL                    No. 2:23-mc-111-KJN
     COMPLIANCE WITH NON-PARTY
12   SUBPOENA TO NATIONAL CAR CARE            ORDER
     LLC,
13                                             (ECF No. 1.)
                           Respondent,
14
     In the matter of
15   KURT MORALES II, et al.,

16                          Plaintiffs,

17          v.

18   SUNPATH LTD., et al.,

19                          Defendants.

20

21          Currently before the court is plaintiffs' motion to compel further responses to a subpoena

22   requesting documents from non-party National Car Care LLC.[1]  (ECF No. 1-2.)  The parties

23   presented their arguments in a joint statement as well as at an April 25, 2023 hearing before the

24   undersigned.  (ECF Nos. 1, 7.)  Generally speaking, National contends it has produced everything

25   in its possession that is responsive to the document requests and has no ability to produce

26   _____

27   [1] This matter is before the undersigned pursuant to Local Rule 302(c)(1), and is properly before
     this court given that National's authorized agent for service is in this district.  Fed. R. Civ. P.
28   45(c)(2)(A).

                                                     1

documents held by other companies.  Plaintiff contends National's responses fail to indicate whether the company has done its due diligence in finding all documents in its possession, and contends these other companies are, in effect, just shell companies created by National's principal, Mr. Renny.  At the hearing, counsel for National informed the court that, despite further conferral after the joint statement was filed, the company was defunct, had no more documents to offer, and was waiving all of its prior objections save for those privileged by attorney-client protections.  National offered to make Mr. Renny available for a deposition, should plaintiffs wish to investigate National's assertions further.

First, as to plaintiffs' request to compel further document production from companies other than National, the court cannot do so—at this time.  Plaintiffs present a compelling set of allegations in their complaint and briefing that Mr. Renny has ultimately created these other companies in an attempt to avoid discovery obligations and, relatedly, liability.  If this turns out to be the case, such gamesmanship would not only result in a full granting of plaintiffs' request, but also severe sanctions against National, Mr. Renny, and (to the extent possible) the other companies he is associated with.  However, without some factual linkage between Mr. Renny and these other companies, the court cannot order responses to the subpoena from these other entities at this time.  See, e.g., Oil Heat Institute of Oregon v. Northwest Natural Gas, 123 F.R.D. 640 (D. Or. 1988) (denying subpoena where there was "no evidence here that respondent has any legal right to documents that belong to the member organizations" nor any "evidence that [the requesting party] cannot obtain the requested information directly from the member organizations").

However, the allegations are compelling enough to grant most of the relief plaintiffs request.  For example, Request for Production 26 seeks in part any documents speaking to TCPA compliance entities "placing calls on [National's] behalf."  (ECF No. 1 at 50.)  National's response, after cutting through the objections, is that it has no documents in its possession.  (Id.) But given the broad scope of relevance in discovery, and National's admittance that other companies did place calls on National's behalf, a list of National's vendors would surely be within the scope of this request.  This is just one example.  National's persistent non-answers in

2

1    its responses are troublesome and are the foundation for the relief the court orders.

2            Given that the crux of this dispute appears to be the extent to which National is

3    intertwined with these other, as yet unnamed companies, the court now orders National to

4    produce Mr. Renny for a deposition.  Should it arise that there are connections between National

5    and these other entities, full compliance with the document requests is in order, and National is

6    expected to supplement its document production without further need for a court order.  See

7    Meridian Laboratories, Inc. v. OncoGenerix USA, Inc., 333 F.R.D. 131 (N.D. Ill. 2019) (noting

8    that businesses that are sufficiently intertwined because of financial relationships and contractual

9    arrangements and because of common personnel have control over access to documents); Soto v.

10   City of Concord, 162 F.R.D. 603, 620 (N.D. Cal. 1995) ("A party may be ordered to produce a

11   document in the possession of a non-party entity if that party has a legal right to obtain the

12   document or has control over the entity who is in possession of the document."); Japan Halon Co.

13   v. Great Lakes Chem. Corp., 155 F.R.D. 626, 627 (N.D. Ind. 1993) (finding that close business

14   relationship constituted "control" of documents held by non-party); U.S. v. Faltico, 586 F.2d

15   1267, 1270 (8th Cir. 1978) (affirming that parent/subsidiary corporate relationship constituted

16   "control" over documents).  Should National force this dispute back before this court, sanctions

17   for any failure to supplement will certainly be required.

18           Further, given the strong inference the court draws surrounding the allegations of

19   gamesmanship up to this point, and National's continued insistence on falling back on its non-

20   answers throughout the conferral process, National is ordered to pay the costs and plaintiffs'

21   attorneys' fees for Mr. Renny's forthcoming deposition.  See, e.g., Zubulake v. UBS Warburg

22   LLC, 229 F.R.D. 422, 437 (S.D.N.Y. 2004) (ordering offending party to pay the costs of any

23   depositions where party failed to properly act on its duty to provide responsive documents in

24   discovery).

25                                              **ORDER**

26           Accordingly, it is hereby ORDERED that:

27   1. Plaintiff's motion to compel further responses to the subpoena (ECF No. 1) is

28        GRANTED;

3

2. Within two weeks of this order, National shall produce Mr. Renny for a deposition, and within a reasonable time thereafter shall supplement its responses to the subpoena;

3. National shall bear the costs and reasonable attorneys' fees for this deposition; and

4. When the deposition is scheduled, counsel shall inform the undersigned's courtroom deputy so that the court can be on call, should the parties require court intervention during the deposition.  The parties are instructed to work through any issues that arise at the deposition before involving the court.

Dated:  April 26, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

mora.111